1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 CHARLOTTE ALLEN, | Case No. 1:22-cv-00814-ADA-CDB |
| 12         Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS |
| 13    v. | AND DISMISS COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND |
| 14 RMMC, LP., *et al*. | (Doc. 6) |
| 15         Defendants. | **21-DAY DEADLINE** |
| 16 | |

17         Pending before the Court is Defendants RMMC, LP ("RMMC"), BN Capital Management,

18 Inc. ("BN"), and ECP, LP's ("ECP") motion to dismiss filed on August 11, 2022.  (Doc. 6).  Plaintiff

19 Charlotte Allen ("Plaintiff") did not file an opposition to Defendants' motion, and the time to do so

20 has passed.[1]  On February 9, 2023, the Honorable District Judge Ana de Alba referred the pending

21 motion to dismiss to the undersigned, consistent with 18 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local

22 Rule 304(a).  (Doc. 16).  For the foregoing reasons, the Court will recommend Defendants' motion to

23 dismiss be granted and Plaintiff's complaint be dismissed with prejudice and without leave to amend.

24 / / /

25 / / /

26
27
28

---

[1] Plaintiff's failure to file an opposition to Defendants' motion is construed as a non-opposition to dismissal.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

1

**Background**

On August 8, 2005, a deed of trust was executed between Plaintiff and Western Progressive, LLC, for the sale and purchase of 4717 West Ashland Avenue ("the Property") in Visalia, California. (Doc. 6 at 11).  At some point, Plaintiff fell behind on her mortgage, and Western Progressive, LLC, filed a notice of default against her in the Superior Court of California, County of Tulare.  *Id*.  On January 7, 2022, RMMC purchased the Property at a public auction.  *Id*. at 12.

On March 10, 2022, BN, a corporation and general partner of RMMC, sent Plaintiff a letter notifying her the Property was purchased by RMMC and asking her to vacate the premises.  (Doc. 1 at 8, 15-16).  The letter was signed by Carlos Vela, a property manager at BP.  *Id*.  On March 22, 2022, ECP, a partner of BN, commenced an unlawful detainer matter to evict Plaintiff through counsel, Sandra Kuhn McCormack, in the Superior Court of California, County of Tulare.  *Id*. at 9, 18. Plaintiff alleges complaints were filed against her on March 22 and 24, 2022.  *Id*. at 9.  On May 17, 2022, the Superior Court entered judgment against Plaintiff in favor of ECP.  *Id*. at 18.

Plaintiff claims she filed "a no trespass with the Court and the Sheriff" on June 14, 2022.  *Id*. at 8-9.  On June 15, 2022, RMMC and ECP, "through a sheriff lockout," took possession of the Property. *Id*. at 8, 11, 17, 21.  Plaintiff alleges the Defendants entered her house without her consent and "spent 66 minutes" inside.  *Id*. at 8, 12.  The Property's locks were changed, and Plaintiff was given notice to claim her abandoned items at the Property.  *Id*. at 17, 21.

On July 1, 2022, Plaintiff filed a complaint against Defendants (1) RMMC, (2) BN, (3) ECP, (4) Carlos Vela, (5) Sandra Kuhn McCormack, (6) David Emerzian, an agent/attorney of RMMC, and (7) Capital Real Estate Group, a property manager for RMMC.  *Id*. at 2-3, 5, 13.  Plaintiff asserts against Defendants claims of laundering of monetary instruments (18 U.S.C. § 1956), conspiracy against rights (18 U.S.C. § 241), deprivation of rights under color of law (18 U.S.C. § 242), a civil action for deprivation of rights (42 U.S.C. § 1983), conspiracy to interfere with civil rights (42 U.S.C. § 1985), action for neglect to prevent conspiracy (42 U.S.C § 1986), violating the Fifth Amendment to the United States Constitution, and what the Court construes to be a state law claim of trespass.  *Id*. at 4, 8-9.  Plaintiff seeks monetary and injunctive relief.  *Id*. at 10-12

On August 11, 2022, Defendants RMMC, BN, and ECP filed the motion to dismiss now at issue.  (Doc. 6).  Defendants contend Plaintiff has failed to state a claim for which relief can be granted and moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  *Id*.  Specifically, Defendants argue Plaintiff fails to allege even a mere "formulaic recitation of the elements" of her causes of action, and that none of the statutes she listed in the complaint are related to the foreclosure of her home.  *Id*. at 7.  Moreover, Defendant asserts Plaintiff admits she lost possession of the Property and Defendants legally obtained the Property.  *Id*.

Additionally, Defendants request the Court take judicial notice of a document titled "Trustee's Deed Upon Sale" attached to their motion to dismiss.  *Id*. at 8-12.  Plaintiff did not file an opposition or any response to Defendants' motion to dismiss.[2]

**Discussion**

**I. Request for Judicial Notice**

Fed. R. Evid. 201 permits a court to take judicial notice of any facts "generally known within the trial court's territorial jurisdiction "or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  "Facts subject to judicial notice may be considered by a court on a motion to dismiss."  *Pruitt v. United States Bank, N.A.*, No. 1:13-cv-01198-AWI-SKO, 2013 WL 6798999, at *1 (E.D. Cal. Dec/ 20, 2013) (citing *In re Russell*, 76 F.3d 242, 244 (9th Cir. 1996); *see also Indemnity Corp v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings).

The Court has examined Defendants' attached document titled "Trustee's Deed Upon Sale", and finds it is suitable for judicial notice as a matter of public record outside the pleadings.  *See* Fed. R. Evid. 201(b).  This document pertains directly to the Property at issue and therefore constitutes

---

[2] Beginning on September 23, 2022, and continuing at various times thereafter, orders of this Court have been served by mail on Plaintiff and returned undeliverable.  To date, Plaintiff has not complied with the requirement that she notify the Court and opposing parties of her current address, and, thus, is in violation of Local Rule 183(b).  Accordingly, this action also is subject to dismissal for Plaintiff's failure to comply with Local Rule 183.

relevant historical facts.  *See Angulo v. Countrywide Home Loans, Inc.*, No. 1:09-cv-00877-AWI-SMS, 2009 WL 3427179, at *3 n.3 (E.D. Cal. Oct. 26, 2009) ("The Deed of Trust and Notice of Default are matters of public record.  As such, this court may consider these foreclosure documents.").  Therefore, this Court shall recommend Defendants' request for judicial notice be GRANTED.

**II. Motion to Dismiss**

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).  The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citations omitted).  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

B. Plaintiff has failed to state cognizable claims for relief

1. Due Process

Plaintiff cites the Fifth Amendment seemingly to assert her right to not be deprived of property without due process of law. *Id*. at 4. Plaintiff's due process claim is without merit. The Fifth Amendment applies to the actions of the federal government, not private actors like the Defendants. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (the Due Process Clause of the Fifth Amendment applies only to actions of the federal government); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (same). Plaintiff has not sufficiently alleged that Defendants are somehow federal actors, and nothing in her complaint remotely suggests that she could cure this pleading deficiency if given an opportunity to amend her pleadings. Accordingly, the Court recommends dismissal of Plaintiff's due process claim.

2. Section 1983

To state a claim under § 1983, a plaintiff must show that she was deprived of a right secured by the Constitution and law of the United States and that deprivation occurred under the color of state law. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*

1   *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "Section 1983 is not itself a source of substantive rights,

2   but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada*

3   *ex rel, Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S.

4   386, 393-94 (1989)) (internal quotation marks omitted).

5          Under § 1983, actions under the color of state law normally consist of actions taken by a public

6   agency or officer.  *Taylor v. First Wyoming, Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983).  Private

7   parties are not generally acting under the color of state law for the purpose of § 1983.  *Price v. Hawaii*,

8   939 F.2d 702, 707-08 (9th Cir. 1991); *see Sutton v. Providence St. Joseph Medical Center*, 192 F.3d

9   826, 835 (9th Cir. 1999) (a party charged with constitutional deprivation must be a governmental actor

10  because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or

11  wrong").

12         The named Defendants are private actors, not government officials or agencies.  Even under a

13  liberal construction of the complaint, Plaintiff alleges no facts that plausibly suggest that Defendants'

14  conduct amounts to action under color of state law.  Defendants' purchase and possession of the

15  Property is not state action and does not raise federal due process concerns.  *See Apao v. Bank of New*

16  *York*, 324 F.3d 1091, 1092-95 (9th Cir. 2003) (holding that Hawaii's non-judicial foreclosure statute

17  constituted a purely private remedy, not state action implicating the due process clause, and collecting

18  cases); *See Garfinkle v. Superior Court*, 21 Cal. 3d 268, 281 (1978) ("California's nonjudicial

19  foreclosure procedure does not constitute state action and is therefore immune from the procedural due

20  process requirements of the federal Constitution).  Accordingly, as Plaintiff's Section 1983 claim

21  sounds in due process, the Court recommends dismissal of the claim.

22         <u>3. Section 1985</u>

23         Section 1985 prohibits private individuals from conspiring to deprive another person of their

24  civil rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971).  Section 1985(3) protects against

25  conspiracies to deprive a person of equal protection of the law.  42 U.S.C. § 1985(3).  To state a

26  Section 1995(3) claim, a Plaintiff must allege: (1) the existence of a conspiracy, (2) for the purpose to

27  deprive the plaintiff of the equal protection of the laws, (3) an act in furtherance of the conspiracy, and

28

(4) a resulting injury.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000); *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983).

To adequately allege the first element, Plaintiff must provide specific "facts to support the allegation that [D]efendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1998).  The second element requires that some racial or otherwise class-based "invidiously discriminatory animus" behind the alleged conspirators' actions exists.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993).

Here, while it appears Plaintiff alleges that Defendants conspired together (Doc. 1 at 8-10), this allegation is conclusory and unsupported by specific facts.  Plaintiff has not alleged any facts demonstrating that the actions of Defendants were motivated by racial, or other class-based, animus.  Instead, Plaintiff's pleadings show Plaintiff lost possession of the property and Defendants obtained it through legal means.  *Id.* at 15-21.  Further, when a Section 1985(3) claim is based on an alleged deprivation of a federal right that requires state action, the claim cannot be based on a conspiracy among private parties.  *Scott*, 463 U.S at 830-34.  As set forth above, Plaintiff has failed to allege Defendants' actions to deprive her of due process qualify as state action, and, consequently, she may not pursue a Section 1985(3) conspiracy claim.  *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (the absence of a section 1983 deprivation of rights claim precludes a section 1985 conspiracy claim predicated on the same allegations) (citations omitted).  Accordingly, the Court recommends dismissal of Plaintiff's Section 1985 claim.

4. Section 1986

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation."  *Karim-Panahi*, 839 F.2d at 626. Section 1986 claims are therefore derivative of Section 1985 violations.  *See id.* ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").  As Plaintiff has failed to state a cognizable conspiracy claim under Section 1985, she cannot state any claim for knowledge of and failure to prevent a conspiracy pursuant to § 1986.  Accordingly, the Court recommends dismissal of Plaintiff's Section 1986 claim.

7

1    5. Title 18 of the United States Code

2        Plaintiff also alleges violations of 18 USCS §§ 241, 242, and 1956.  "[T]he fact that a federal

3    statute has been violated and some person harmed does not automatically give rise to a private cause

4    of action in favor of that person."  *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)

5    (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)) (internal quotation marks omitted).

6    Instead, the court must look to the language of the statute to determine if Congress intended to create a

7    private right of action.  *Touche Ross & Co.*, 442 U.S. at 568.

8        Here, Sections 241, 242, and 1956 of Title 18 provide for fines and incarceration for criminal

9    offenses.  *See* 18 U.S.C. §§ 241, 242, 1956.  The statutes do not set forth a private cause of action.  *Id.*;

10   *see Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action…do not

11   generally lie under the criminal statutes contained in Title 18 of the United States Code.").  Plaintiff

12   may not use Sections 241, 242, and 1956 to levy a civil action against Defendants for damages.

13   Accordingly, the Court recommends dismissal of Plaintiff's 18 USCS §§ 241, 242, and 1956 claims.

14       6. State Law Claims

15       Plaintiff's complaint appears to assert a state law claim for trespass.  Although the Court may

16   exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim

17   for relief under federal law.  *See* 28 U.S.C. § 1367(a).  For the reasons explained above, Plaintiff does

18   not.  Accordingly, the Court will recommend dismissal of any of Plaintiff's state law claims.  *See*

19   *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if federal claims are dismissed

20   before trial…the state claims should be dismissed as well").

21   **III. Leave to Amend**

22       Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so

23   requires."  Fed. R. Civ. P. 15(2).  However, district courts are only required to grant leave to amend if

24   a complaint can be saved.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  "Courts are not

25   required to grant leave to amend if a complaint lacks merit entirely."  *Id.*  When a complaint cannot be

26   cured by additional facts, leave to amend need not be provided.  *Doe v. United States*, 58 F.3d 494,

27   397 (9th Cir. 1995).

28

1       Plaintiff cannot cure the defects identified above.  Plaintiff's Fifth Amendment and Section

2   1983 claims are inapplicable to Defendants as they are private, non-governmental actors.  Plaintiff has

3   failed to state a cognizable Section 1985, and consequently, Section 1986 claim.  Plaintiff's pleadings

4   show Defendants obtained the Property through legal means.  (Doc. 1 at 15-21).  Lastly, Plaintiff

5   cannot file a civil action through 18 U.S.C. §§ 241, 242, and 1956.  The Court concludes that further

6   leave to amend Plaintiff's complaint would be futile and would unnecessarily prolong this litigation.

7   *See e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  Accordingly, the Court

8   recommends that Plaintiff's complaint be dismissed without leave to amend.

9   **Conclusion and Recommendations**

10      Plaintiff has failed to state any cognizable federal claim upon which relief could be granted.

11  Therefore, the Court HEREBY RECOMMENDS that:

12      1.  Defendants' motion to dismiss (Doc. 6) be GRANTED;

13      2.  Plaintiff's complaint (Doc. 1) be DISMISSED WITH PREJUDICE and without leave to

14         amend; and

15      3.  The Clerk of Court be directed to close this case.

16      These findings and recommendations will be submitted to the United States district judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

18  after being served with these findings and recommendations, Plaintiff may file written objections with

19  the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

20  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

21  result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

22  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23  IT IS SO ORDERED.

24    Dated:  __**March 10, 2023**__              _____

25                          UNITED STATES MAGISTRATE JUDGE

26

27

28