UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE ALLEN,<br><br>            Plaintiff,<br><br>     v.<br><br>RMMC, LP, *et al*.<br><br>            Defendants. | Case No. 1:22-cv-00814-ADA-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(ECF No. 19) |

Plaintiff Charlotte Allen ("Plaintiff") proceeding pro se filed this civil action on July 1, 2022. (ECF No. 1.) On August 11, 2022, Defendants RMMC, LP ("RMMC"), BN Capital Management, Inc. ("BN"), and ECP, LP's ("ECP") (collectively "Defendants"), filed a motion to dismiss Plaintiff's complaint. (ECF No. 6.) Plaintiff did not file an opposition to Defendants' motion to dismiss. This Court referred Defendants' motion to dismiss to the assigned Magistrate Judge pursuant to 18 U.S.C. § 636(b)(1)(B) and Local Rule 304 for the preparation of findings and recommendations and/or other appropriate action on February 9, 2023. (ECF No. 16.)

On March 10, 2023, the assigned Magistrate Judge issued findings and recommendations, recommending Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice and without leave to amend. (ECF No. 19.) The findings and recommendations

///

advised Plaintiff that she must file any objections within 21 days after service of the order and that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id*. at 9 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  Plaintiff did not file objections or any other response to the findings and recommendations, and the deadline to do so has passed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo* review of this case.  Having carefully reviewed the entire matter, this Court concludes the findings and recommendations are supported by the record and by proper analysis.

The Magistrate Judge correctly found that Plaintiff's Fifth Amendment and Section 1983 claims are inapplicable to Defendants as they are private, non-governmental actors; that Plaintiff failed to state a cognizable claim under Section 1985 because the absence of a Section 1983 deprivation of rights claim precludes a Section 1985 conspiracy claim predicated on the same allegations; that since Plaintiff failed to state a Section 1985 claim, therefore, also failed to state a claim under Section 1986; and that Plaintiff cannot file civil claims under 18 U.S.C. §§ 241, 242, and 1956.  (ECF No. 19.)

The Court also agrees with the Magistrate Judge that nothing in Plaintiff's complaint suggests that she could cure the pleading deficiencies if given the opportunity to amend her pleadings. (*Id*. at 5.)  As such, further leave to amend would be futile. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

///
///
///
///
///
///
///
///
///

1    Accordingly,

2    1. The March 10, 2023, findings and recommendations, (ECF No. 19), are ADOPTED in
3       full;
4    2. Defendants' motion to dismiss, (ECF No. 6), is GRANTED;
5    3. Plaintiff's complaint is DISMISSED with prejudice and without leave to amend; and
6    4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   July 13, 2023

UNITED STATES DISTRICT JUDGE